UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERMAN L. GAINES,<br><br>   Petitioner,<br><br>v.<br><br>STEPHEN D'ILIO, et al.,<br><br>   Respondents. | Civil Action No. 14-4966 (MAS)<br><br>**MEMORANDUM AND ORDER** |
| HERMAN L. GAINES,<br><br>   Petitioner,<br><br>v.<br><br>STEPHEN D'ILIO, et al.,<br><br>   Respondents. | Civil Action No. 15-0761 (MAS)<br><br>**MEMORANDUM AND ORDER** |

These matters come before the Court on two Petitions for Writ of Habeas Corpus filed by Petitioner Herman L. Gaines pursuant to 28 U.S.C. § 2254. The first case, No. 14-4966, appears to be simply a placeholder filed to avoid the expiration of the statute of limitations while Petitioner was exhausting his state court remedies, (*see* Pet., ECF No. 1, No. 14-4966), and the second case, No. 15-0761, contains Petitioner's full-fledged habeas petition. Because No. 15-0761 is the only matter where Petitioner filed an actual habeas petition on the court-approved form, as required by Local Civil Rule 81.2, the Court terminates No. 14-4966 as duplicative, and proceeds with No. 15-0761 ("Petition"). Moreover, since Petitioner has declared that the Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition, (Pet. 21, ECF No. 1,

No. 15-0761), the Court now screens the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and it appearing:

1. The procedural history of the state proceedings in this matter appears to be quite complicated. It appears that Petitioner, after being convicted and sentenced for aggravated manslaughter and other related crimes, filed a direct appeal, with the conviction affirmed but remanded for resentencing. *Id.* at 3. Petitioner sought certification with the New Jersey Supreme Court on the affirmance of conviction, which was denied. *Id.* Thereafter, it appears that even before his resentencing had occurred, Petitioner filed his first application for post-conviction relief ("PCR"). *Id.* at 4. After the resentencing, Petitioner filed an appeal of that sentence. *Id.* at 5. Shortly after that, the first PCR application was terminated by Petitioner's PCR counsel, Ingrid Yurchenco. *Id.* at 4.

2. More than a year later, it appears that the resentencing appeal was also terminated by a different counsel, Claire Drugach. *Id.* at 5. A few months later, Petitioner filed his second PCR application, which proceeded normally through the process, ultimately resulting in the New Jersey Supreme Court declining certification on the denial of PCR. *State v. Gaines*, 220 N.J. 269 (2015). So, it appears that Petitioner had exhausted his state court remedies on his direct appeal claims regarding his conviction, and the claims raised in the second PCR application.

3. Grounds I and VI of the Petition assert ineffective assistance of counsel claims against Yurchenco and Drugach, for having terminated his first PCR application and resentencing appeal, respectively, without his knowledge or consent. With regard to the claim against Yurchenco, ineffective assistance of PCR counsel is not a cognizable claim on federal habeas. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding

arising under section 2254."). As such, the Court does not have jurisdiction over the claim against Yurchenco.

4. With regard to the claim against Drugach, the exhibits submitted by Petitioner flatly contradict his assertion that the resentencing appeal was terminated without his knowledge—indeed, they show that Petitioner himself requested the termination. (*See* ECF No. 1-5 at 65 ("I'd like to withdraw/dismiss my appeal."); *id.* at 70 ("Please do not file any briefs because I'm trying to withdraw/dismiss my appeal."); ECF No. 1-6 at 9 ("I wrote you a May 7, 2006 correspondence informing you that I withdrew my pending appeal from the Appellate Division[.]")). Accordingly, it plainly appears from the Petition and the attached exhibits that Petitioner is not entitled to relief on Grounds I and VI of the Petition, and those claims are dismissed with prejudice.

5. The balance of the Petition is permitted to proceed past screening.

**IT IS** therefore on this ___9th___ day of ___September___, 2016,

**ORDERED** that Case No. 14-4966 is hereby **DISMISSED** as duplicative; it is further

**ORDERED** that Grounds I and VI of the Petition in Case No. 15-0761 are hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best

efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; it is further

**ORDERED** that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; it is further

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant *federal* law; it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Rule 5(e) of the Habeas Rules; it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

_____
Michael A. Shipp
United States District Judge